IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.                                        CRIMINAL 09-0166 (JAG)

SANTIAGO BAUTISTA-FLORES,

Defendant

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE:  RULE 11 PROCEEDINGS (PLEA OF GUILTY)

I.    Personal Background

On May 6, 2009, Santiago Bautista-Flores, the defendant herein, was charged in a two-count indictment.

Count one charges defendant of knowingly and intentionally possessing with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance.  All in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

Count two charges defendant of knowingly and intentionally importing into the United States from a place outside thereof, that is the Dominican Republic, a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance.  All in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(3).

CRIMINAL 09-0166 (JAG)                    2

Defendant filed a motion for change of plea on June 30, 2009.  (Docket No. 21.)

II.    Consent to Proceed Before a Magistrate Judge

On July 21, 2009, while assisted by Héctor L. Ramos-Vega, Assistant Federal Public Defender, the defendant, by consent, appeared before me in order to change his previous not guilty plea to a plea of guilty as to both counts of the  indictment.

In open court the defendant was questioned as to the purpose of the hearing being held.  The defendant responded that the purpose of the hearing was to plead guilty.  The defendant was advised of his right to have all proceedings, including the change of plea hearing, before a United States district judge.  Defendant was given notice of:  (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful (he was also explained that the consequences of lying under oath could lead to a perjury charge); and (c) his right to have the change of plea proceedings presided over by a district judge instead of a magistrate judge.  The defendant was also explained the differences between the appointment and functions of the two. The defendant consent to proceed before this magistrate judge.

III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure

A.  Compliance With Requirements Rule 11(c)(1)

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.  Pursuant to Rule 11, in order for a plea of

CRIMINAL 09-0166 (JAG)                3

> guilty to constitute a valid waiver of the defendant's right
> to trial, guilty pleas must be knowing and voluntary: "Rule
> 11 was intended to ensure that a defendant who pleads
> guilty does so with an 'understanding of the nature of the
> charge and consequences of his plea.'" United States v.
> Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting
> McCarthy v. United States, 394 U.S. 459, 467 (1969)).
> [There are three core concerns in these proceedings]: 1)
> absence of coercion; 2) understanding of the charges; and
> 3) knowledge of the consequences of the guilty plea.
> United States v. Cotal-Crespo, 47 F.3d at 4 (citing United
> States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

In response to further questioning, the defendant noted that he understood

that if convicted of counts one and two of the indictment, he was exposed to a

maximum term of imprisonment of 20 years, a fine of $1,000,000, and a term of

supervised release of not more than three years.

He was also explained that parole has been abolished and that there were

immigration consequences as a result of the sentence.

He also acknowledged that he was to pay a monetary assessment fee in the

amount of $100, per count. See 18 U.S.C. § 3013.

Defendant was advised that the ultimate sentence was a matter solely for the

court to decide in its discretion and that, even if the maximum imprisonment term

and fine were to be imposed upon him, or any number of years up to the maximum,

he later could not withdraw his guilty plea if he was unhappy with the sentence of

the court.  The defendant understood this.

CRIMINAL 09-0166 (JAG)                    4

Defendant was explained what the supervised release term means.  It was emphasized that cooperation with the United States Probation officer would assist the court in reaching a fair sentence.

Emphasis was made on the fact that at this stage, no prediction or promises as to the sentence to be imposed could be made by anyone.  Defendant responded to questions in that no promises, threats or predictions as to what sentence will be imposed have been made to him.

B.  Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1.    To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2.    To testify or not to testify at trial, and that no comment could be made by the prosecution in relation to his decision not to testify.

3.    To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4.    To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of competent evidence.

CRIMINAL 09-0166 (JAG)                    5

     5.    To use the subpoena power of the court to compel the attendance of witnesses.

     Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, it is determined that defendant is aware of his constitutional rights.

C.  Consequences of Pleading Guilty

     Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty.  Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and would be convicted solely on his statement that he is guilty.

     Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that when he were under supervised release, and upon violating the conditions of such release, that privilege could be revoked and he could be required to serve an additional term of imprisonment.

D.  Plea Agreement

     The parties have not entered into any written or oral plea agreement.  This is a straight plea.

CRIMINAL 09-0166 (JAG)                    6

E.  Government's Evidence (Basis in Fact)

The government presented a proffer of its evidence with which the defendant concurred.  The government's proffer complied with and tracked the statutory language as to the indictment.

Accordingly, it is determined that there is a basis in fact and evidence to establish all elements of the offense charged.

F.  Voluntariness

The defendant accepted that no leniency had been promised, no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.  He came to the hearing for the purpose of pleading guilty and listened attentively as the prosecutor outlined the facts which it would prove if the case had proceeded to trial.

IV.  Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty to the indictment.

After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that the defendant Santiago Bautista-Flores is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that the same carries, understands that the charges

CRIMINAL 09-0166 (JAG)                    7

are supported by the government's evidence, has admitted to every element of the offenses charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.

Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to counts one and two of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 504.3 of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court within five (5) days of its receipt. Rule 510.1, Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court.  <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

At San Juan, Puerto Rico, this 22d day of July, 2009.


                                            S/ JUSTO ARENAS
                                    Chief United States Magistrate Judge